NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-1497

POLYPRO, INC.,

Plaintiff-Appellee,

v.

TODD M. ADDISON
and ULTRA FLEX PACKAGING CORPORATION,

Defendants-Appellants.

Stephen J. Butler, Thompson Hine LLP, of Cincinnati, Ohio, argued for plaintiff-appellee. Of counsel was Jeffrey C. Metzcar, of Dayton, Ohio. On the brief was John B. Hardaway, III, Nexsen Pruet, LLC, of Greenville, South Carolina.

Douglas W. Wyatt, Wyatt, Gerber & O'Rourke, LLP, of New York, New York, argued for defendants-appellants. With him on the brief was Douglas C. Wyatt. Of counsel on the brief were A. Ward McKeithen and Lawrence C. Moore, III, Robinson, Bradshaw & Hinson, P.A., of Charlotte, North Carolina.

Appealed from: United States District Court for the Western District of North Carolina

Chief Judge Robert James Conrad, Jr.

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-1497

POLYPRO, INC.,

Plaintiff-Appellee,

v.

TODD M. ADDISON
and ULTRA FLEX PACKAGING CORPORATION,

Defendants-Appellants.

_____

DECIDED: March 13, 2007

_____

Before GAJARSA, LINN, and MOORE, Circuit Judges.

LINN, Circuit Judge.

Todd M. Addison and Ultra Flex Packaging Corporation (collectively, "Ultra Flex") appeal from a summary judgment by the United States District Court for the Western District of North Carolina.  Polypro, Inc. v. Addison, No. 3:03cv69 (W.D.N.C. Jan. 6, 2006) ("SJ Order").  The district court held that both patents that Polypro, Inc. ("Polypro") asserted against Ultra Flex, U.S. Patent Nos. 6,186,934B1 and 6,428,208, are invalid because Ultra Flex offered an embodiment of them for sale prior to March 8, 1999.  Because the question of whether Polypro's invention was "ready for patenting" as required by Pfaff v. Wells Electronics, Inc., 525 U.S. 55 (1998), depends on disputed issues of material fact, the district court's grant of summary judgment was erroneous, and we reverse and remand for further proceedings consistent with this opinion.

DISCUSSION

It is undisputed that on or about January 29, 1999, Ultra Flex offered for sale to a subsidiary of the Gerber Company ("Gerber") plastic display bags with "chip hooks" for hanging the bags on retail display racks. See SJ Order, slip op. at 3. It is also undisputed that the patents at issue read on the bags with chip hooks. Id., slip op. at 2–3. Thus, the district court held, the patented inventions were "the subject of a commercial offer for sale" prior to the critical date of March 8, 1999, and this offer satisfied the first prong of the two-prong Pfaff test for the application of the on-sale bar. Id., slip op. at 5 (quoting Pfaff, 525 U.S. at 67). Ultra Flex does not challenge this conclusion on appeal.

However, Ultra Flex argues that the district court erred in its conclusion that summary judgment was warranted as to the second Pfaff prong: whether the bags with chip hooks were "ready for patenting" before the critical date. See Pfaff, 525 U.S. at 67; SJ Order, slip op. at 8–10. Gerber understood that its initial orders would need to be ordinary display bags with holes because the bags with chip hooks would require the development of a special mold before they could be produced in quantity. The bags with chip hooks were not ultimately shipped until after the critical date; thus, although they were conceived before the critical date, the parties dispute whether they were indeed ready for patenting when Ultra Flex made the offer.

Polypro has the burden to show by clear and convincing evidence that the bags were ready for patenting before the critical date. See Enzo Biochem, Inc. v. Gen-Probe, Inc., 424 F.3d 1276, 1281 (Fed. Cir. 2005). It can accomplish this "in at least two ways: by proof of reduction to practice before the critical date; or by proof that prior to the

2006-1497                                     2

critical date the inventor had prepared drawings or other descriptions of the invention that were sufficiently specific to enable a person skilled in the art to practice the invention." Pfaff, 525 U.S. at 67–68. At summary judgment, we must view the evidence in the light most favorable to Ultra Flex, see Enzo Biochem, 424 F.3d at 1281, and determine de novo whether the evidence "show[s] that there is no genuine issue as to any material fact," see Fed. R. Civ. P. 56(c). We conclude that Polypro has failed to carry its burden.

As proof of reduction to practice before the critical date, Polypro points to testimony of Donna Kussoff that she received a plastic bag with a chip hook from Al Salerno, an Ultra Flex representative. However, Kussoff's testimony does not specify when Salerno presented her with the bag, and in fact she clarifies that she "could not have seen" a bag of the patented type until after the critical date. Likewise, the testimony of the inventor, Todd Addison—upon which the district court apparently relied, see SJ Order, slip op. at 9—indicates that Ultra Flex customarily made samples of plastic bags for a variety of reasons, but does not specifically aver that anyone made a sample of the patented bag at issue before the critical date. Polypro argues that "it is only logical" that Ultra Flex would have produced a sample and presented it to Kussoff before the critical date, see Polypro Br. at 28, but such an inference may be made only by a finder of fact, not by us or by the district court at summary judgment. Polypro is correct that the inquiry is whether any bag, even a prototype, existed as of the critical date, not whether Ultra Flex had fully developed a method for mass-producing the patented bags, but it has failed to demonstrate the absence of a genuine issue of material fact as to when the patented bags first existed at all.

The district court also held that Polypro met the <u>Pfaff</u> standard by proof of a sufficient drawing or description of the invention prior to the critical date. <u>SJ Order</u>, slip op. at 8–9. In support of this conclusion, the court cited Exhibit 5 of its order, a photograph that matches the claimed bag. However, there is no indication in the record as to when the photograph was taken or that the bag it depicts existed before the critical date. Likewise, the record contains an affidavit by Addison indicating that he had made a prototype of the chip hook component prior to the critical date and testimony by Kussoff indicating that she had approved artwork for the bag prior to the critical date, but Polypro has failed to produce evidence that these drawings and prototype components "were sufficiently specific to enable a person skilled in the art to practice the invention." <u>Pfaff</u>, 525 U.S. at 67–68. At summary judgment, the district court erred by drawing an inference in favor of Polypro that they were sufficiently specific.

We decline to express a view as to whether a reasonable jury could find in Polypro's favor on the basis of the evidence that Polypro presented in support of its motion; we merely hold that a reasonable jury could find in favor of Ultra Flex on the basis of that evidence, thus precluding a grant of summary judgment to Polypro. We also note that on remand, the district court should consider the merits of Polypro's alternative arguments, previously deemed moot, that the patents at issue are unenforceable due to inequitable conduct.

For the foregoing reasons, we reverse the summary judgment and remand.